IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01452-REB-KLM

ANDREW COLE,

    Plaintiff,

v.

CHASE HOME FINANCE LLC, and
JPMORGAN CHASE BANK, N.A.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") **Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 18; Filed November 9, 2012] (the "Motion to Dismiss") and on Plaintiff's **Opposed Motion of Plaintiff for Leave to File First Amended Complaint** [Docket No. 29; Filed December 27, 2012] (the "Motion to Amend"). On January 24, 2013, Defendant filed a Response [#39] in opposition to the Motion to Amend. On February 7, 2013, Plaintiff filed a Reply [#40]. The Motion to Amend is thus fully briefed and ripe for resolution. For the reasons set forth below, the Court **GRANTS** the Motion to Amend [#29] and **DENIES as moot** the Motion to Dismiss [#18].

This matter pertains to a mortgage loan Plaintiff obtained from Defendant and Defendant's later commencement of non-judicial foreclosure proceedings against him. In both the original Complaint and the proposed First Amended Complaint, Plaintiff asserts

six claims: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of C.R.S. §§ 38-40-103 and 38-40-104; (3) breach of contract; (4) wrongful foreclosure; (5) intentional infliction of emotional distress ("IIED"); and (6) violation of the Colorado Consumer Protection Act ("CCPA").  On November 9, 2012, Defendant filed the Motion to Dismiss [#18], seeking dismissal of all of Plaintiff's causes of action.  On December 27, 2012, Plaintiff filed a brief Response [#30] to the Motion to Dismiss, informing the Court that he was electing to amend his Complaint to address some of the deficiencies about which Defendant complained in the Motion to Dismiss.  Plaintiff filed the Motion to Amend [#29] the same day.  In the Motion to Amend, Plaintiff stated, "While Defendant's motion raises several hotly contested questions of law, the motion also makes numerous specificity claims under *Twombly* that can be avoided by amendment." [#29] at 1. Plaintiff further stated that, "Plaintiff has redrafted the complaint and is herewith moving to file a First Amended Complaint to avoid the legitimate *Twombly* issues." *Id.*  Defendant responded by stating that Plaintiff's proposed amendments are futile and therefore the Motion to Amend should be denied.  *Response* [#39] at 4.

As a preliminary matter, a Scheduling Conference has not yet been held in this matter, and thus Plaintiff's request to amend the Complaint is timely.  The Court therefore considers any arguments raised by the parties related to whether justice would be served by amendment.  Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant argues that Plaintiff's amendments are futile. *Response* [#39] at 4. An amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). However, the Court notes that this case is still in its earliest stages. Plaintiff has neither filed an amended complaint as a matter of course nor previously sought leave to amend his Complaint. No ruling has issued on any dispositive motion. A Scheduling Conference has not yet been held and discovery has not commenced. At this stage of the proceedings, the Tenth Circuit has expressed that, "[T]he preferred practice is to accord a [party] notice and an opportunity to amend his [pleading] before acting upon a motion to dismiss for failure to state a claim[.]" *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991). In the circumstances at hand, therefore, the Court will not deny leave to amend on the basis of futility. Thus, the Court permits Plaintiff leave to file a First Amended Complaint. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend [#29] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's First Amended Complaint [#29-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall file an answer or other responsive pleading to the First Amended Complaint **on or before March 4, 2013**.

IT IS FURTHER **ORDERED** that the Motion to Dismiss [#18] is **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a

motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated: February 15, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge