IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01452-REB-KLM

ANDREW COLE,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Plaintiff's Second Amended Complaint** [#62][1] (the "Motion"). On December 23, 2013, Plaintiff filed a Response [#74] to the Motion. On January 9, 2014, Defendant filed a Reply [#75]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion has been referred to this Court for a recommendation regarding disposition [#63]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#62] be **GRANTED**.

### I. Summary of the Case

This case pertains to Defendant JPMorgan Chase Bank's ("Defendant") alleged

---

[1] [#62] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

unwillingness to provide Plaintiff an alternative to foreclosure following a default on his mortgage loan. Specifically, Plaintiff asserts claims against Defendant for intentional infliction of emotional distress ("IIED") and violations of the Real Estate Settlement Practices Act ("RESPA"), the United States Department of Agriculture Single Family Housing Guaranteed Loan Program ("SFHGLP"), and C.R.S. §§ 38-40-103 and 30-40-104. *Second Am. Compl.* [#61] ¶¶ 4-8, 17-21, 23-27, 29-33, 35-46. He seeks actual damages, statutory damages, and attorneys' fees plus costs. *Id.* ¶¶ 21, 27, 33, 46.

On December 10, 2008, Plaintiff obtained a mortgage loan (the "Loan") from Defendant and executed a promissory note (the "Note"). *Id.* ¶ 2; *Note* [#62-1] at 1-4. As security for repayment of the Note, Plaintiff executed a deed of trust (the "Deed of Trust"), encumbering his property located at "3238 ½ F 1/4 RD B, Clifton, Colorado 81520." *See Deed of Trust* [#62-2] at 3.

Plaintiff alleges that due to "hardship" from losing his job, he submitted "multiple complete loss mitigation packages . . . in an effort to be considered [by Defendant] for any kind of loss mitigation [program] so that he could continue making [mortgage loan] payments and keep his home." *Second Am. Compl.* [#61] ¶ 11; *Response* [#74] at 3. Next, he alleges that because Defendant falsely claimed that he had not provided the necessary documentation for loss mitigation, he had to file "an otherwise unnecessary Chapter 13 Bankruptcy to stop a threatened foreclosure that would not have happened had Defendant complied with the obligations of 12 U.S.C. § 2605(e)."[2] *Second Am. Compl.*

---

[2] While Plaintiff's Second Amended Complaint and Response lack specific dates, the Second Amended Complaint alleges that Plaintiff commenced his bankruptcy *because of* Defendant's prior alleged wrongdoing. *Second Am. Compl.* [#61] ¶ 21. Additionally, the Response

[#61] ¶ 21. He alleges that Defendant "never considered [him for a loan modification] in good faith despite the fact that USDA and thus the taxpayers would bear the loss from his foreclosure." *Response* [#74] at 6.

On May 31, 2011, Plaintiff commenced a Chapter 13 bankruptcy proceeding before the United States Bankruptcy Court for the District of Colorado, Case No. 11-23058-SBB (the "Bankruptcy"). *Second Am. Compl.* [#61] ¶ 21; *see generally Voluntary Petition* [#62-3]. In the schedules (the "Schedules") included with his Voluntary Petition, Plaintiff stated under penalty of perjury that he did not have "contingent and unliquidated claims" of any kind. *Voluntary Petition* [#62-3] at 14. On January 30, 2012, the Bankruptcy Court entered its Chapter 13 confirmation order (the "Confirmation Order") confirming Plaintiff's plan and requiring that Plaintiff make payments pursuant to the plan's terms. *Confirmation Order* [#62-5] at 1-2.

On June 4, 2012, and while his bankruptcy was pending, Plaintiff commenced this action by filing his initial Complaint [#1]. Notwithstanding that all of Plaintiff's alleged claims arose before he commenced his bankruptcy, Plaintiff did not disclose these claims to the Bankruptcy Court in his Schedules and fails to allege he amended the Schedules to disclose the existence of this action. *See Voluntary Petition* [#62-3]; *Amended Chapter 13 Plan* [#62-4].

---

chronologically alleges that Defendant first failed to consider Plaintiff in good faith for a loan modification; then Plaintiff "filed the bankruptcy at the last minute, solely to stop Chase's scheduled foreclosure sale." *Response* [#74] at 6. The Court thus interprets Plaintiff's allegations to indicate that all of Plaintiff's claims against Defendant arose prior to his bankruptcy filing.

3

## II. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) attacks a court's subject matter jurisdiction. The determination of a court's jurisdiction over the subject is a threshold question of law. *Madsen v. United States ex. rel. United States Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). The objection that a federal court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised by a party, or by a court on its own initiative, at any stage in the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). If at any time, the Court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 506. A 12(b)(1) motion may take two forms: a facial attack or factual attack on the complaint. When reviewing a facial attack on the complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint pursuant to Rule 12(b)(1), and when the challenge is supported by affidavits and other documents, the Court makes its own factual findings. *Id.* at 1003.

## III. Analysis

As a threshold procedural matter, the court notes that Defendant has attached to its Motion various documents from Plaintiff's bankruptcy proceeding. *See Note* [#62-1]–*Order Dismissing Chapter 13 Case* [#62-7]. Because these court documents relate to threshold matters and are referenced in the Second Amended Complaint in part, rather than convert Defendant's Motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), the Court finds it appropriate to take judicial notice of the facts contained in these

documents. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) ("Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.").

Courts have disagreed over whether a debtor's attempt to bring undisclosed pre-bankruptcy claims is a standing defect or raises a judicial estoppel issue. *Canen v. U.S. Bank Nat. Ass'n*, 913 F. Supp. 2d 657, 659 (N.D. Ind. 2012). In *Clementson v. Countrywide Fin. Corp.*, ("Clementson III") 464 F. App'x 706 (10th Cir. 2012), the Tenth Circuit adjudicated a case involving an alleged breach of contract, breach of implied covenant of good faith and fear dealing, and violation of the CCPA. It analyzed the plaintiff's claims for monetary relief in the context of standing, affirming the district court's determination that the plaintiff's failure to list his causes of action in his bankruptcy petition divested him of standing in the underlying litigation. *See Clementson III*, 464 F. App'x at 711. Accordingly, the Court here will address Plaintiff's claims for monetary relief in the context of standing. *See EEOC v. Outback Steak House Inc.*, No. 06-cv-01935-EWN-KLM, 2008 WL 3992171, at *3 (D. Colo. Aug. 20, 2008) (clarifying that an order granting the defendant's motion to dismiss for lack of standing because the bankruptcy trustee was the real party in interest applied to claims for monetary relief).

Defendant argues that Plaintiff's Second Amended Complaint should be dismissed because he lacks standing.[3] *Motion* [#62] at 5-7. Specifically, Defendant argues that all of Plaintiff's claims against Defendant arose prior to his bankruptcy filing, yet he

---

[3] Defendant argues that "judicial estoppel" bars Plaintiff's claims. *Motion* [#62] at 5-7. As mentioned, based on *Clementson III*, the Court interprets this judicial estoppel argument in the context of standing.

represented to the Bankruptcy Court that he had no contingent, unliquidated, pending, or potential claims against Defendant. *Id.* at 6; *see Voluntary Petition* [#62-3] at 14. Accordingly, Defendant argues that Plaintiff's claims should be dismissed because he "successfully persuaded the Bankruptcy Court to confirm his Plan *before* he commenced this action and while representing that no such action existed or would exist." *Motion* [#62] at 7.

Rule 17(a) of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *Anderson v. Van Pelt*, No. 09-cv-00704-CMA-KMT, 2013 WL 856508, at *2 (D. Colo. Mar. 7, 2013). A person who files for bankruptcy transfers his property to the bankruptcy estate, including "all legal or equitable interest of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). This definition "includes causes of action belonging to the debtor at the commencement of the bankruptcy case." *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996). "The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims. That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) (citation omitted). Whatever property is not abandoned or administered by the trustee during the bankruptcy proceedings "remains property of the estate." 11 U.S.C. § 554(d).

"[A] cause of action accrues when the plaintiff has knowledge of the facts essential to the cause of action." *Clementson III*, 464 F. App'x at 713. "The debtor need not know

all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that [he] may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *In re Coastal Plains, Inc.*, 170 F.3d 197, 208 (5th Cir. 1999). "When the bankruptcy action is closed, properly scheduled assets not otherwise administered revert to the debtor through abandonment under 11 U.S.C. § 554(c)." *Clark v. Trailiner Corp.*, No. 00-5020, 2000 WL 1694299, at *1 (10th Cir. Nov. 13, 2000). Assets not properly scheduled, however, "remain property of the bankruptcy estate." *Id.* "As a result, the debtor loses all rights to enforce any unscheduled legal claim in his own name." *Id.*

Here, Plaintiff alleges that Defendant engaged in bad faith and improperly denied his loan modification. *Second Am. Compl.* [#61] ¶¶ 8, 11, 12. He further alleges that the conduct giving rise to these claims began prior to his May 2011 Bankruptcy filing.[4] Therefore, even if Plaintiff was uncertain about his legal claims, he had knowledge of the facts essential to his claims against Defendant when Defendant allegedly failed to consider Plaintiff's multiple loss mitigation requests. *Grillo v. JPMorgan Chase & Co.*, No. 13-cv-03233-RBJ-KLM, 2014 WL 2442534, at *4 (D. Colo. May 30, 2014) (holding that the plaintiff had "knowledge of the facts essential to his claims" when the defendant failed to uphold its end of the loan modification agreement). At a minimum, any doubt about these facts should have been dispelled when Defendant sought foreclosure on Plaintiff's property prior to his Bankruptcy filing. *Id.* Accordingly, he is not the real party in interest to bring

---

[4] As stated above, the Court interprets Plaintiff's allegations to indicate that all of Plaintiff's claims arose prior to his Bankruptcy filing. *See supra n.2*.

these claims. *Id.* (holding that the plaintiff was "not the real party in interest to bring [his] claims" for monetary relief because they belonged to the bankruptcy estate).

Plaintiff argues that Defendant incorrectly focuses on "when the causes of action technically 'accrued'" rather than when Plaintiff was "damaged enough to want to sue somebody." *Response* [#74] at 7. This argument fails.

First, a plaintiff must disclose the existence of all potential legal claims in a bankruptcy petition and "uncertainty" about their existence is not an excuse. *See Clementson III*, 464 F. App'x at 711 (holding that the plaintiff lacked standing and stating that "a debtor's ignorance or mistake . . . does not excuse [him] from listing all potential causes of action in a bankruptcy petition"). Second, even if the potential legal claims did not arise until June 4, 2012 when Plaintiff filed his initial Complaint [#1], he still fails to allege that he amended his bankruptcy schedules to include the claim. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006) (stating that "if [the plaintiff was] really making an honest attempt to pay her debts, then as soon as she realized that [an asset] had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy"). Therefore, Plaintiff's claims against Defendant remain property of the bankruptcy estate. *See Trailiner*, 2000 WL 1694299, at *1 ("Assets not properly scheduled remain property of the bankruptcy estate.").

Because all of Plaintiff's claims for monetary relief became property of the bankruptcy estate, he is not the real party in interest to bring these claims. *See Grillo*, 2014 WL 2442534, at *4. However, prior to dismissal, the real party in interest must be given an opportunity to substitute, join, or ratify the action. Fed. R. Civ. P. 17(a)(3). "The Court may

not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Id.*; *Grillo*, 2014 WL 2442534, at *4. Therefore, before the Court can dismiss Plaintiff's claims for monetary relief, the real party in interest must be notified and given an opportunity to participate in the case. *See Outback Steak House*, 2007 WL 2947326, at *4-5. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1), the Court **recommends** that the Motion be **granted**.

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant's Motion [#62] be **GRANTED**. Accordingly,

IT IS FURTHER **RECOMMENDED** that the order dismissing Plaintiff's claims be stayed for thirty days to allow the real party in interest to file a motion for intervention or substitution. Absent such a motion, the Court **RECOMMENDS** Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** on the basis of lack of standing.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-148 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-1413 (10th Cir. 1996). A party's objections to this Recommendation must

be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 31, 2014

BY THE COURT:

*[signature]*

Kristen L.  Mix
United States Magistrate Judge