IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01452-REB-KLM

ANDREW COLE,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Emergency Joint and Unopposed Motion to Stay All Pretrial Deadlines and Vacate December 1, 2014 Trial Date** [#78][1] (the "Motion"). In the Motion, the parties ask the Court to stay all pretrial deadlines, vacate the Final Pretrial Conference/Trial Preparation Conference, and vacate the Jury Trial set to begin on December 1, 2014. *Motion* [#78] at 4. The parties seek a stay to allow the District Judge to rule on the Court's July 31, 2014 Recommendation of United States Magistrate Judge [#77] (the "Recommendation"), which recommended that Plaintiff's claims be dismissed and that the order dismissing those claims be "stayed for thirty days to allow the real party in interest to file a motion for intervention or substitution." *Recommendation* [#77] at 9. The parties argue that a stay will "preserve the [p]arties' resources, [ ] avoid

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

1

unnecessary pretrial efforts, . . . and [ ] maintain judicial economy."

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)). Further, "[a] court has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants.'" *Ellis v. J.R.'s County Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513 at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, entering a stay would apparently not prejudice either party, as they jointly seek the requested relief. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With regard to the third factor, it is certainly more convenient and efficient for the Court to enter a stay until the District Judge rules on the Recommendation [#77]. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, the only nonparty with an interest in this case is the potential real party in interest identified in the Recommendation [77], who has not expressed a view of the parties' request for a stay. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#78] is **GRANTED** to the extent it seeks to stay the pretrial deadlines.

IT IS FURTHER RESPECTFULLY **RECOMMENDED** that the Final Pretrial Conference scheduled on November 14, 2014 at 9:30 a.m and the Jury Trial scheduled to begin on December 1, 2014 be **VACATED** pending the District Judge's ruling on the Recommendation [#77].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 12, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge