**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01452-REB-KLM

ANDREW COLE,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following:(1) the **Motion To Dismiss Plaintiff's Second Amended Complaint** [#62][1] filed December 2, 2013; (2) the **Recommendation of United States Magistrate Judge** [#77] filed July 31, 2014; (3) the **Emergency Joint and Unopposed Motion to Stay All Pretrial Deadlines and Vacate December 1, 2014 Trial Date** [#78] filed August 11, 2014; and (4) the **Recommendation of United States Magistrate Judge** [#80] filed August 12, 2014.

Because no objection to either recommendation was filed, I review the recommendations only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much less plain error, in the recommendations of the magistrate judge, I find and conclude

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

that the recommendations should be approved and adopted as orders of this court.

The claims of the plaintiff, Andrew Cole, are based on the alleged unwillingness of the defendant, JPMorgan Chase Bank, N.A., to provide to Mr. Cole an alternative to foreclosure following the default of Mr. Cole on his mortgage loan.  Ultimately, Mr. Cole filed bankruptcy under Chapter 13 of the United States Bankruptcy Code.  As the magistrate judge details, the claims of Mr. Cole as alleged in this case arose before he filed bankruptcy, Mr. Cole did not disclose these claims in the schedules he was required to file in his bankruptcy, and Mr. Cole filed this case after he filed his bankruptcy petition.  In these circumstances, Mr. Cole is not the real party in interest.  Rather, the claims he asserts belong to the bankruptcy estate.

Because Mr. Cole lacks standing to assert his claims, his claims must be dismissed.  However, prior to dismissal, the real party in interest must be given an opportunity to substitute, join, or ratify the action.  FED. R. CIV. P. 17(a)(3).  I grant the motion to dismiss, dismiss the claims of Mr. Cole without prejudice, and stay the effect of this dismissal order until October 13, 2014.  On or before September 12, 2014, Mr. Cole shall provide to the Chapter 13 Bankruptcy Trustee for the District of Colorado a copy of this order and a copy of the operative complaint in this case.  In addition, on or before September 12, 2014, Mr. Cole shall file in this case a certification of compliance with these delivery requirements.  If the Chapter 13 Trustee seeks to substitute as a plaintiff in this case, join this action, or ratify this action, the Chapter 13 Trustee must take such action by making an appropriate filing in this case on or before October 10, 2014.

In the second recommendation [#77], the magistrate judge recommends that the Final Pretrial Conference scheduled for November 14, 2014, at 9:30 a.m. and the jury

trial scheduled to begin on December 1, 2014, be vacated, pending resolution of the motion to dismiss, notification of the Chapter 13 Trustee, and related proceedings. This recommendation is approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#77] filed July 31, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Motion To Dismiss Plaintiff's Second Amended Complaint** [#62] filed December 2, 2013, is **GRANTED**;

3. That the claims of the plaintiff are **DISMISSED** without prejudice;

4. That the dismissal of the claims of the plaintiff is **STAYED** until October 13, 2014;

5. That by September 12, 2014, the plaintiff **SHALL PROVIDE** to the Chapter 13 Bankruptcy Trustee for the District of Colorado copies of (a) this order; and (b) the operative complaint in this case;

6. That by September 12, 2014, the plaintiff **SHALL FILE** in this case a certification of compliance with these delivery requirements;

7. That if the Chapter 13 Bankruptcy Trustee for the District of Colorado seeks to substitute as a plaintiff in this case, join this action, or ratify this action, the Chapter 13 Trustee **SHALL FILE** an appropriate filing in this case by October 10, 2014;

8. That if the Chapter 13 Bankruptcy Trustee for the District of Colorado does not seek to substitute as a plaintiff in this case, join this action, or ratify this action by October 10, 2014, then the dismissal without prejudice of the claims of the plaintiff **SHALL BECOME EFFECTIVE** on October 13, 2014;

9. That the **Recommendation of United States Magistrate Judge** [#80] filed

3

August 12, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

10.  That the **Emergency Joint and Unopposed Motion to Stay All Pretrial Deadlines and Vacate December 1, 2014 Trial Date** [#78] filed August 11, 2014, is **GRANTED**; and

11.  That the combined Trial Preparation Conference and Final Pretrial Conference set November 14, 2014, at 9:30 a.m., and the jury trial set to commence December 1, 2014, are **VACATED**, pending further order.

Dated September 4, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4